Robert J. SABINSKE, Petitioner,

v.

CIVIL AERONAUTICS BOARD and Najeeb E. Halaby, Administrator, Federal Aviation Agency, Respondents.

No. 21133.

United States Court of Appeals
Fifth Circuit.

May 17, 1965.

J. W. Riehm, Jr., New York City, Hugh L. Steger, Dallas, Tex., for petitioner.

Frederic D. Houghteling, Atty, CAB, Matthew Z. Markotic, Atty., FAA, John H. Wanner, Gen. Counsel, CAB, O. D. Ozment, Associate Gen. Counsel, CAB, John J. Keyser, Atty., FAA, Irwin A. Seibel, Atty., Dept. of Justice, Washington, D. C., for respondents.

Before RIVES, BROWN and WISDOM, Circuit Judges.

PER CURIAM.

Petitioner landed his Twin Cessna aircraft at Addison Airport, north of Dallas Texas, on December 14, 1961 at 5:15 P.M., seven minutes before sunset. Mr. Wulff, the Supervisor of Air Traffic Control at Addison Airport reported the incident and circumstances of the landing. After investigating the Administrator of the Federal Aviation Agency charged the petitioner with violating the following Civil Air Regulations (14 C.F.R. 1.0, et seq., 1961, supp.):

"Sec. 60.12 *Careless or reckless operation.*

"No person shall operate an aircraft in a careless or reckless manner so as to endanger the life or property of others."

"Sec. 60.30 *Basic VFR minimum weather conditions.*

"Except as provided in Sec. 60.31 aircraft shall not be flown VFR in weather conditions below those specified herein.

"(a) *Clearance from clouds*—(1) *In controlled airspace.* Aircraft shall not be flown VFR less than 500 feet vertically under, 1,000 feet vertically over, and 2,000 feet horizontally from any cloud formation, except that in the continental control area, aircraft shall not be flown VFR less than 1,000 feet vertically and one mile horizontally from any cloud formation. Aircraft shall not be flown VFR within a control zone when the ceiling is less than 1,000 feet.

"(b) *Visibility within controlled airspace*—(1) *Control zones.* When the flight visibility is less than 3 miles, no person shall operate an aircraft VFR in flight within a control zone. When the ground visibility is less than 3 miles, no person shall take off or land an aircraft or enter the traffic pattern of an airport within a control zone."

VFR refers to Visual Flight Rules, as contrasted with IFR, Instrument Flight Rules. Where the city is below 1,000 feet and ground visibility is less than three miles, a plane cannot be operated VFR or land at an airport in a control zone without obtaining a special clearance from air traffic control. Addison Airport was in a control zone and petitioner landed without any clearance. The petitioner testified to the meaning of a rotating beacon during daylight hours: "Well, if it's before sunset, why the field is closed to VFR flying, landing or taking off other than controlled." He further testified that before landing he saw the beacon operating. The narrow issue is clearly defined by petitioner's brief, as follows: "There is no question of pilot judgment before this Court. If the weather was IFR the violation should be sustained. If the weather was VFR there was no violation."

After a hearing, at which petitioner was represented by counsel, the Administrator issued an order suspending petitioner's commercial pilot certificate for

thirty days.[1] Petitioner appealed to the Civil Aeronautics Board. The Board's Examiner conducted a full hearing at which petitioner was again represented by counsel. The transcript of testimony at the hearing comprises 151 typed pages and 11 exhibits. Counsel for the Federal Aviation Agency and for the petitioner submitted the case to the Examiner upon oral argument, the Examiner commenting that "It's purely a fact question."

After having the testimony transcribed and studying the record, the Examiner rendered his initial decision, in which he made full findings of fact and affirmed the Administrator's order suspending the petitioner's certificate for a period of thirty days. The Board declined discretionary review as permitted by section 301.45 of the Board's Rules of Practice in Air Safety Proceedings (14 C.F.R. 301.1, et seq.) but stayed the effective date of the suspension order pending these review proceedings. Judicial review by this Court is provided by 49 U.S.C. § 1486, which reads in part: "The findings of fact by the Board or Administrator if supported by substantial evidence, shall be conclusive."

█ Petitioner objected to the admission in evidence of the Administrator's Exhibit No. 1 showing the surface weather observations for Addison, Texas, for December 14, 1961, stating his ground of objection as follows:

"The document which is shown, which Counsel wishes to show the witness, is a document which the witness himself prepared or which he had a part in preparation under the provisions of regulation 60.60 of the Civil Air Regulations. Your attention is directed to the fact that there is a definition of ground visibility; and if under the circumstances this document is introduced into evidence, Counsel for the Defendant submits that the witness in the prosecution is being entitled to manufacture their own evidence with a prejudiced witness.

"Now, I have no objection to this man refreshing his recollection, but I will object to the introduction of this information into the record."

Mr. Wulff had been trained in weather observation and held an Observer's Certificate issued by the Weather Bureau. The facts that he had reported the incident of petitioner's landing and testified against the petitioner may have gone to the weight of the Exhibit, but certainly did not render it inadmissible. The objection was frivolous and properly overruled.

█ Petitioner appears to claim that the Administrator was required to prove petitioner's violation beyond a reasonable doubt. We think that that is not true, because the suspension is remedial and not punitive in nature. Specht v. Civil Aeronautics Board, 8 Cir. 1958, 254 F.2d 905, 917. In any event, the findings of the Board are conclusive on this Court if supported by substantial evidence. 49 U.S.C. § 1486.

█ Finally, the petitioner urges that the Examiner's findings of fact are not supported by substantial evidence. After carefully reading and studying the transcript of testimony and the exhibits, we are clear to the conclusion that substantial evidence does support the Examiner's findings. A large part of that evidence was fully and carefully stated in the Examiner's decision. No useful purpose would be served by this Court's further elaborating upon it.

The order of suspension is affirmed. See 49 U.S.C. § 1486(d).

---

1. As authorized by Section 609 of the Federal Aviation Act of 1958, 49 U.S.C. § 1429. That section also provides that any person whose certificate is affected by an order of the Administrator may appeal to the Civil Aeronautics Board.